IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| Baltimore Line Handling Company, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | IN ADMIRALTY |
| | ) | |
| Bouchard Transportation Co., Inc., | ) | |
| | ) | |
| Defendant, | ) | |
| and | ) | |
| | ) | |
| Apex Oil Company, Inc. | ) | |
| Bitumar USA, Inc. | ) | |
| Citgo Petroleum Corporation | ) | |
| Hess Corporation | ) | |
| Kinder Morgan, Inc. | ) | |
| Kinder Morgan Energy Partners, L.P. | ) | |
| Kinder Morgan Liquids Terminals LLC | ) | |
| Liquid Transfer Terminals, Inc. | ) | |
| Liquid Transfer Terminals; Maryland, Inc. | ) | |
| Nustar Terminals Operations Partnership L.P. | ) | |
| Petroleum Fuel & Terminal Company | ) | |
| Sunoco, LLC | ) | |
| | ) | |
| Garnishees. | ) | |

**VERIFIED COMPLAINT WITH REQUEST FOR ISSUANCE OF PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT**

Plaintiff Baltimore Line Handling Company ("Baltimore Line") brings this action against Defendant Bouchard Transport, Inc. ("Bouchard") *quasi in rem* pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims, requesting the issue of writs of maritime attachment and garnishment including against the Garnishees and states as follows:

**Jurisdiction and Venue**

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h).

2. Venue is proper in this District because the Garnishees are located, can be found, and can be served with process in this District.

3. Venue is also proper in this District because Defendant's property is or soon will be in this District.

4. Defendant cannot be found in this District within the meaning of Supplemental Rule B.

**The Parties**

5. Baltimore Line is a company located in Baltimore, Maryland. Baltimore Line provides line handling services to vessels.

6. Bouchard is a corporation organized under the laws of New York. Bouchard owns and operates tugs and ocean-going petroleum barges.

**Facts**

7. Between June and September, 2019, Baltimore Line provided line handling services to Bouchard for several of its tugs and barges for which Baltimore Line issued invoices.

8. Baltimore Line's payment terms are Net 30, and are included on each invoice.

9. Bouchard has not paid any of the seven invoices issued by Baltimore Line. To date, Bouchard owes Baltimore Line $10,360.

**Count I – Breach of Maritime Contract**

10. Baltimore Line incorporates the above paragraphs as if fully set forth herein.

11. Bouchard breached its maritime contract with Baltimore Line as set out above.

Despite repeated demand, Baltimore Line remains unpaid.

12. Baltimore Line therefore demands judgment, as set out more fully below.

**Count II: Maritime Attachment and Garnishment (Rule B)**

13. Baltimore Line incorporates the above paragraphs as if specifically set forth herein.

14. Baltimore Line seeks issue of process of maritime attachment so that it may be paid the amount owed by Bouchard.

15. No security for Baltimore Line's claims has been posted by Bouchard or anyone acting on its behalf to date.

16. Bouchard cannot be found within this District within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, funds, freight, hire, and/or credits in the hands of Garnishees in this District, including but not limited to the named Garnishees.

**Prayer for Relief**

WHEREFORE, Baltimore Line prays:

A. That in response to Count I, judgment be issued in favor of Baltimore Line and against Bouchard in the amount of **$10,360.00**, plus prejudgment interest and costs.

B. That in response to Count II, since Defendant cannot be found within this District pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Bouchard's tangible or intangible property or any other funds held by any Garnishee, up to the amount of $10,360.00 plus a further 25% to provide for interest and costs **(total $12,950)**, and that all

persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint;

C. That this Court award Baltimore Line such other and further relief that this Court deems just and proper.

Dated: November 13, 2019.

/s/ J. Stephen Simms

J. Stephen Simms (#4269)
Simms Showers LLP
201 International Circle, Ste 250
Baltimore, Maryland 21030
Ph: 410-783-5795
Fax 410-510-1789
jssimms@simmsshowers.com

**VERIFICATION**

I am a principal of Plaintiff Baltimore Line Handling Company.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of Baltimore Line Handling Company.

Pursuant to 28 U.S.C. § 1746(1), I certify under penalty of perjury that the foregoing is true and correct.

Executed on November 13, 2019.

Shawn Ciociola

I am a principal of Simms Showers LLP, counsel to Baltimore Line Handling Company. I certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District, and of the Maryland Secretary of State. There is no record of any general or resident agent authorized to accept service of process for Bouchard Transportation Company, Inc. in this District.

Pursuant to 28 U.S.C. § 1746(1), I certify under penalty of perjury that the foregoing is true and correct.

Executed on November 13, 2019.

/s/ J. Stephen Simms

J. Stephen Simms